UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON RALPH, #271641,

       Petitioner,

                                        Case No. 14-CV-13509

v.

                                        HON. MARK A. GOLDSMITH

ANTHONY STEWART,

       Respondent.

_____/

**OPINION AND ORDER**
**(1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Dkt. 1) AS MOOT; (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY; AND (3) DENYING PERMISSION FOR LEAVE TO APPEAL IN FORMA PAUPERIS**

**I.  INTRODUCTION**

Petitioner Aaron Ralph filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1).  Petitioner was convicted in Montcalm County Circuit Court of one count of first-degree criminal sexual conduct, and two counts of second-degree criminal sexual conduct.  Mich. Comp. Laws §§ 750.520(B), (C).  On September 18, 1998, Petitioner was sentenced to concurrent sentences of two-to-five years' imprisonment for the second-degree convictions, and 17-to-50 years' imprisonment for the first-degree conviction.  The petition does not attack the validity of either Petitioner's convictions or sentence.  Rather, the petition alleges that the Michigan Parole Board wrongfully altered the conditions of his term of parole.  Petitioner has since been discharged from parole and, therefore, he has been discharged from his maximum sentence.  For the reasons explained fully below, the Court dismisses the habeas petition as moot.

**II.  BACKGROUND**

1

Petitioner was paroled in February 2013, for a period of 24 months. Various conditions were placed on his parole, including not engaging in any behavior that constitutes a violation of any criminal law, not engaging in any assaultive, abusive, threatening or intimidating behavior, and complying with Global Positioning System (GPS) monitoring and requirements.

In May 2014, Petitioner was charged with four counts of violating his parole. It was alleged that Petitioner failed to comply with his GPS agreement and engaged in behavior that was assaultive, abusive, threatening, and/or intimidating. After he was served with the parole violation charges, Petitioner waived his right to a preliminary parole violation hearing. Petitioner was found to have violated the rules of his parole. Despite recommendations that Petitioner be returned to prison and that his parole be revoked, the Parole Board ultimately decided to continue his parole, continue GPS monitoring, place him in a residential reentry program, and add a special condition to have "no contact" with the individuals who were the subject of the violation. Petitioner then successfully completed his parole term, and he was discharged on February 5, 2015.

Petitioner's habeas application was filed before his discharge. It challenges the proceedings resulting in the modification of his parole term:

    i.    "Petitioner is restrained of his liberty in violation of his 1st Amendment right to free speech and freedom of expression,"

    ii.    "Due process violation — abuse of process,"

    iii.    "Parole dep[artment] overreaching,"

    iv.    "Abuse of authority — process — discretion," and

    v.    "Conspiracy to commit fraud."

Pet. at 5, 7, 10, 14, 17.

### III. ANALYSIS

**A. Mootness of Habeas Petition**

When a habeas petitioner challenges a parole revocation or modification, but subsequently completes parole and is discharged, the petitioner's challenge to the revocation or modification is moot, unless he can demonstrate the existence of actual "collateral consequences" resulting from the revocation. See Spencer v. Kemna, 523 U.S. 1, 7-14 (1998). In this case, Petitioner was discharged from his maximum sentence on February 5, 2015, and is, therefore, no longer under the jurisdiction of the Michigan Department of Corrections. When a petitioner does not attack the legality of his conviction, but merely contests the imposition and duration of his confinement, the case becomes moot when he is no longer confined. Lane v. Williams, 455 U.S. 624, 631 (1982). Petitioner does not attack the validity of his conviction. Rather, Petitioner contends that the Parole Board wrongfully extended a period of parole.

Article III of the Constitution requires the existence of an actual case or controversy through all stages of federal judicial proceedings. U.S. Const. art. III, § 2. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). An incarcerated habeas petitioner's challenge to the validity of his or her conviction satisfies the case-or-controversy requirement, because the incarceration constitutes a concrete injury which can be redressed by the invalidation of the conviction. See Spencer, 523 U.S. at 7. Once the petitioner's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole — i.e., some "collateral consequence" of the conviction — must exist if the suit is to be maintained in federal court and not considered moot. Id.

3

When the issuance of a writ of habeas corpus would have no effect on a petitioner's term of custody, and would impose no collateral legal consequences, the habeas petitioner fails to present a justiciable case or controversy within the meaning of Article III. See Ayers v. Doth, 58 F. Supp. 2d 1028, 1034 (D. Minn. 1999). According to the Sixth Circuit, "mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." Carras v. Williams, 807 F.2d 1286, 1289 (6th Cir. 1986). Because it strikes "at the very heart of federal subject matter jurisdiction," the mootness of a habeas petition can be raised sua sponte by the federal court, even if the issue is not addressed by the parties. Medberry v. Crosby, 351 F.3d 1049, 1054 n.3 (11th Cir. 2003).

In this case, Petitioner completed his sentence and has been discharged from custody. Petitioner has not shown that he suffers any continuing collateral consequences flowing from the extension of his parole term. Absent such a showing, a petitioner's claims regarding the denial of parole and/or the revocation of his parole are rendered moot by the completion of the imprisonment term and his discharge from custody. See Spencer, 523 U.S. at 7-14; see also Prowell v. Hemingway, 37 F. App'x 768, 769-770 (6th Cir. 2002) (federal prisoner's § 2241 petition for writ of habeas corpus which challenged his parole revocation was rendered moot by petitioner's release upon completion of his sentence, absent a showing of actual collateral consequences). Petitioner's sentence has been completed and he has been discharged from custody. Therefore, any injury Petitioner suffered cannot be redressed by a favorable judicial decision from this Court.

Accordingly, the Court dismisses the petition as moot.

**B.  Certificate of Appealability and Leave to Appeal In Forma Pauperis**

4

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. Id. at 336-337. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll.§ 2254.

Having considered the matter, the Court concludes that reasonable jurists would not debate the Court's conclusion that Petitioner has failed to demonstrate a substantial showing of the denial of a constitutional right and that the petition should be dismissed as moot. Therefore, a certificate of appealability is not warranted in this case. The Court also denies Petitioner leave to appeal in forma pauperis, because any appeal would be frivolous. See, e.g., Dell v. Straub, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002); see Fed. R. App. P. 24(a).

## V.  CONCLUSION

For the reasons set forth above, the Court dismisses the petition for writ of habeas corpus as moot. The Court also declines to issue a certificate of appealability and denies leave to appeal in forma pauperis.

SO ORDERED.

|  |  |
|---|---|
| | s/Mark A. Goldsmith |
| Dated: May 28, 2015 | MARK A. GOLDSMITH |
| Detroit, Michigan | UNITED STATES DISTRICT JUDGE |

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 28, 2015.

    s/Johnetta M. Curry-Williams
    CASE MANAGER